UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
COURT FILE NO: CV-

| | |
|---|---|
| JEFFREY FOLK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.: 1:17-cv- |
| ) | |
| ASSET RECOVERY SOLUTIONS, LLC, ) | |
| An Illinois limited liability company, ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |

**COMPLAINT**

## I.   JURISDICTION AND VENUE

1. Jurisdiction arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Asset Recovery Solutions, LLC is an Illinois limited liability company subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District and because Plaintiff resides here and Defendant transacts business here.

## II.   PARTIES

4. Plaintiff, Jeffrey Folk ("Plaintiff"), is a natural person residing in New Castle County, Delaware and is a "consumer" as that term is defined by 15 U.S.C.

§ 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

5. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Asset Recovery Solutions, LLC ("Asset Recovery" or "Defendant") is upon information and belief, an Illinois limited liability company with its principal place of business located at 2200 E. Devon Ave., Suite 200, Des Plaines, IL 60018, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

7. Asset Recovery at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. At all times material and relevant hereto, Defendant is individually liable to Plaintiff, and/or liable through the principles of *respondeat superior*, agency and apparent agency.

### III.   FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a debt that was allegedly purchased by a third-party debt buyer and/or series of third-party debt buyers.

10. Plaintiff received various letters, notices, documents and legal filings regarding the alleged debt from various parties, including Defendant, which were misleading and inaccurate and which conflicted with one another.

11. The alleged debt arose from Plaintiff's alleged 2014 agreement with WebBank, a Utah Chartered Industrial Bank, for Plaintiff's consumer purposes.

12. A July 28, 2015 letter from FMA Alliance, Ltd. states that the original creditor is WebBank and that the current creditor (as of 7/28/2015) was Santander Consumer USA Inc., serviced by Lending Club. (Exhibit 1)

13. The alleged debt was allegedly sold and/or assigned to Velocity Investments, LLC.

14. Asset Recovery acted as debt collector on behalf of Velocity Investments, stating explicitly: "This communication is from a debt collector.  This is an attempt to collect a debt."  See Asset Recovery letter dated 9/14/2016 (Exhibit 2).

15. Asset Recovery stated in its 9/14/2016 letter that LendingClub Corporation is the original creditor for the alleged debt and that the total current balance was $5,068.87.  *Id.*

16. On October 12, 2016, Plaintiff requested verification of the debt from Asset Recovery Solutions, LLC after receiving the September 14, 2016 past due notice (Exhibit 3), and after receiving conflicting notices as to whom the Plaintiff allegedly owed this debt (*see* Exhibits 1 and 2).

17. The October 12, 2016 letter from the Plaintiff to Asset Recovery included a request that Asset Recovery "Identify the original creditor[.]" *Id.*

18. The October 12, 2016 letter from the Plaintiff to Asset Recovery included a request that Asset Recovery "Provide a statement which matches the balance being claimed [and p]rovide a list of charges that total the amount claim in your original letter." *Id.*

19. Asset Recovery never provided to Plaintiff a verification of the debt.

20. Instead, on October 21, 2016, Asset Recovery continued its collection efforts by sending an offer of settlement to the Plaintiff, again listing the original creditor as LendingClub Corporation and the amount of the debt as $5,068.87. (Exhibit 4)

21. The representations made by Asset Recovery are inaccurate and conflict with other representations made by and/or on behalf of Velocity.

22. In a Bill of Particulars filed in Justice of the Peace Court, in support of a debt action regarding the alleged debt (Velocity Investments, LLC v. Jeffrey Folk, C.A. No. JP13-17-001849), Velocity, through its attorney Patrick Scanlon, P.A. ("Scanlon Firm"), provided documents including (a) a purported loan agreement between Plaintiff and WebBank and (b) a "Certificate of Loan Sale" dated December 21, 2015 which purports to evidence the transfer of loans from WebBank to LendingClub Corporation. (Exhibit 5)

23. Additionally, prior to the Asset Recovery letters, Velocity caused an account statement to be sent to the Plaintiff on December 24, 2015, indicating that Velocity had purchased the account and that the current balance was $5,668.87. (Exhibit 6)

24. No payments were made on the alleged debt between December 24, 2015 and October 21, 2016.

25. Defendant misrepresented the identity of the original creditor and the amount of the alleged debt.

26. Defendant's representations to Plaintiff are material, deceptive, false and misleading.

27. Defendant misrepresented the character, amount and/or legal status of the debt.

28. Defendant failed to cease collection of the debt until it provided the verification requested by Plaintiff, including the name of the original creditor.

29. Defendant knew or should have known that its actions violated the FDCPA.

30. Defendant failed and neglected to take the appropriate actions to comply with the FDCPA and failed to adequately review its actions to ensure compliance with the FDCPA.

31. Defendant did not maintain reasonable procedures to prevent violation of the FDCPA.

32. At all times relevant hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for the rights of the Plaintiff and for its obligations under the FDCPA.

33. The acts and omissions of the employees, agents and/or assigns of the Defendant were committed within the time and space limits of their agency relationship with Defendant.  Defendant is, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, willful, reckless and negligent acts, errors, and omissions or its employees, agents or assigns.

## IV.     CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Defendant's actions toward Plaintiff were materially false, deceptive, unfair, unconscionable and misleading as follows:

   a. Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations in connection with the debt collection in its letters as previously set forth in this Complaint;

   b. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the alleged debt;

   c. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt because no such debt was owed nor was it judicially enforceable;

   d. Defendant violated 15 U.S.C. § 1692g(a) by failing entirely to provide proper verification of the debt and/or the identity of the original creditor;

   e. Defendant violated 15 U.S.C. § 1692g(b) by failing entirely to comply entirely with these debt validation provisions by continuing its collection efforts (and seeking a settlement) without providing verification of the debt, as requested by Plaintiff;

   f. Defendants violated 15 U.S.C. § 1692g(b) because their actions, and the tenor of their letters to the Plaintiff completely overshadowed the Plaintiff's right to the protections of the 30-day validation period.

    g. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*

37. As a direct and proximate result of Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

38. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to his reputation.

39. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeffrey Folk, respectfully demands judgment and damages from Defendant as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## VI. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. *US Const. amend. 7; Fed.R.Civ.P. 38.*

          Respectfully submitted,

          */s/Mary Higgins*
          By: Mary Higgins, Esquire
          Attorney I.D. #4179
          University Office Plaza
          Commonwealth Building
          260 Chapman Road, Suite 201
          Newark, DE 19702
          (ph) 302-894-4357
          (fx) 302-318-1301
          **mary.higgins@letsbelegal.com**
          Attorney for Plaintiff Jeffrey Folk

Dated: _____